**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ORO CAPITAL ADVISORS, LLC, et al., : | |
| : | **Case Nos. 2:19-cv-5087** |
| : | **2:20-cv-4894** |
| **Plaintiffs,** : | |
| : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| **v.** : | |
| : | **Magistrate Judge Deavers** |
| **BORROR CONSTRUCTION CO.,** : | |
| **LLC, et al.,** : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

This matter is before the Court on Defendant Skyworks Equipment Rental, L.L.C.'s ("Skyworks") Motion to Dismiss (ECF No. 142), and Oro RB SPE Owner, LLC's ("Oro RB") Motion to Dismiss (ECF No. 149).[1]  For the reasons set forth below, the Court **GRANTS** Skyworks Motion to Dismiss (ECF No. 142) and **GRANTS** Oro RB's Motion to Dismiss (ECF No. 149), allowing The Carter-Jones Lumber Co. DBA Holmes Lumber Co. ("Holmes") **LEAVE TO AMEND**.

### I.    BACKGROUND

#### A.  Factual Background[2]

Oro Capital Advisors, LLC ("Oro Capital"); Oro Karric South, LLC; Oro Karric North, LLC; Oro Silvertree, LLC; Oro Springburne, LLC; Oro RB SPE Owner, LLC ("Oro Runaway

---

[1] Cases 2:19-cv-5087 and 2:20-cv-4894 have been consolidated. For ease of reference, unless stated otherwise, this Opinion & Order will refer to the docket of 2:19-cv-5087.

[2] The background of this case has been assiduously set forth in prior decisions of the Court (*see e.g.*, ECF No. 130). This Opinion incorporates that background by reference herein and is summarized, restated, or otherwise supplemented as required to resolve the pending motions to dismiss.

Bay" or "Oro RB"); and Oro Island Club SPE Owner (together, the "Oro Entities" or "Oro") own and operate residential properties located in central Ohio. (ECF No. 6 ¶¶ 24−33). Oro entered into a written agreement ("Construction Agreement" or "Agreement") with Borror Construction Co. L.L.C. ("Borror") to renovate its various properties in central Ohio, including Runaway Bay. (ECF No. 134 ¶¶ 25−27). The essence of the underlying dispute between Oro and Borror that has spawned several lawsuits concerns Borror's alleged failure as general contractor to complete the renovations as required by the Construction Agreement. (*See e.g., id.* ¶ 52).

Pursuant to that Agreement, Borror hired various subcontractors to assist in its completion of the renovations, including Skyworks and Holmes. (*See id.* ¶¶ 44, 86, 90). After Skyworks and Holmes purportedly supplied materials and/or labor regarding Runaway Bay, each claimed it was never fully paid. (*See id.* ¶ 86, 90). On October 1, 2019, Skyworks filed an Affidavit for Mechanic's Lien ("Lien") in the Franklin County Recorder's Office. (*See id.* ¶ 90). As the dispute between Oro and Borror intensified, Oro filed suit in federal court.

## B. Procedural Background

Oro initiated this action on November 20, 2019. (ECF No. 1). As this case proceeded, the Lien filed by Skyworks was the subject of parallel litigation in state court. (*See* ECF No. 130 at 18) (describing *Borror Construction Co., LLC v. Oro RB SPE Owner, LLC*, No. 19-cv-009529 (Ct. Com. Pl.)). There, Borror filed suit against Oro RB SPE Owner, LLC (one of the several Oro entities) to foreclose the Lien and for unjust enrichment in the amount secured by the Lien.[3] *See*

---

[3] The Opinion and Order describing this litigation mistakenly asserted that Skyworks and another subcontractor were being sued by Borror. Instead, Borror was purportedly asserting claims based on Mechanic's Liens assigned to it by Skyworks and the other subcontractor. *Borror Construction Co., LLC v. Oro RB SPE Owner, LLC*, No. 19-cv-009529 (Ct. Com. Pl.) (ECF No. 1 ¶¶ 20, 30).

2

*Borror Construction Co., LLC v. Oro RB SPE Owner, LLC*, No. 19-cv-009529 (Ct. Com. Pl.) (ECF No. 1 ¶¶ 33–56).

On November 27, 2019, Holmes filed a three Count Complaint against Oro RB and Borror. There, Holmes asserted claims of Breach of Contract against Borror; Unjust Enrichment and for the Escrowed Funds each against Oro RB. Borror filed a Motion for Summary Judgment the following August. In response, Holmes voluntarily dismissed its breach of contract claim against Borror. Oro RB then removed this case to federal court on September 18, 2020, invoking this Court's diversity subject matter jurisdiction. (ECF No. 1, 2:20-cv-4894); *see also* (ECF No. 151 at 2).

Shortly thereafter in October of 2020, Oro filed its Motion for Leave to File a Consolidated Amended Pleading, to Consolidate, and to Realign Parties. (ECF No. 76). The Court GRANTED IN PART and DENIED IN PART Oro's request (ECF No. 76). (Opinion & Order, ECF No. 130). Specifically, this Court Granted Oro's request to consolidate cases (2:19-cv-5087 and 2:20-cv-4894) and to realign the parties by designating all of the Oro entities as Plaintiffs and designating the-then existing defendants in case no. 2:19-cv-5087 as Defendants. (*Id.*). The Court denied in part its request to file an amended pleading, allowing some claims but not others to be included in Oro's First Consolidated Complaint. (*Id.*). Before the Court resolved Oro's pending motion (ECF No. 76), Oro and Borror agreed to dismiss the ongoing state court action, *Borror Construction Co., LLC v. Oro RB SPE Owner, LLC*, No. 19-cv-009529 (Ct. Com. Pl.), in January of 2021. (*See* ECF No. 130 at 18). On July 20, 2021, Plaintiffs filed the First Consolidated Complaint. (ECF No. 134).

Skyworks followed with a timely Motion to Dismiss against Oro, (ECF No. 142); Oro timely filed their Response in Opposition (ECF No. 147); and Skyworks filed no Reply. (*See*

ECF). Oro RB similarly filed its Motion to Dismiss against Holmes, (ECF No. 149); Holmes filed a timely Response in Opposition (ECF No. 151); and Oro RB timely filed its Reply (ECF No. 154). Both Motions to Dismiss are now ripe for review.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). And although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). Finally, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Raymond v. Avectus Healthcare Sols., LLC*, 859 F.3d 381, 383 (6th Cir. 2017); *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019).

## III.   LAW & ANALYSIS

Defendant Skyworks moves to dismiss Oro's claims of quiet title and slander of title for failure to state a claim upon which relief can be granted. (*See* ECF No. 142 at 1). First, Skyworks contends that Oro's quiet title action cannot be maintained because Skyworks no longer owns the Mechanics' Lien that underlies such claim. (*Id.* at 5). Second, Skyworks argues that the slander

4

of title claim fails because the statute of limitations has run.  (*Id.* at 5–6).  Additionally, Oro RB, one of the Oro entities, moves to dismiss Holmes' unjust enrichment claim for failure to state a claim.  (ECF No. 149).  Oro RB avers that Holmes has failed to make required allegations in connection with its unjust enrichment claim: specifically, that Borror is either unavailable for judgment or unable to pursue Oro RB for payment.  (*See id.* at 4).  The Court will address each of these arguments in turn.

### A.  Skyworks Motion to Dismiss

#### 1.  *Quiet Title*

##### a.  *12(b)(6)*

Skyworks argues that Plaintiffs' quiet title claim should be dismissed.  Skyworks contends that to maintain an action to quiet title, a defendant must "claim an interest" in the property subject to litigation.  (ECF No. 142 at 4–5).  Though Skyworks concedes that it had filed a Mechanic's Lien against Oro's property, it also notes that this Lien has since been assigned.  (*Id.* at 5).  Indeed, Skyworks observes, Oro says as much in its Complaint.  (*Id.*).  Skyworks argues that because it claims no interest in the subject property, Oro's quiet title claim as it pertains to them must be dismissed.

Oro resists this conclusion but does not dispute that Skyworks does not claim any interest in the subject property.  Instead, relying primarily on Federal Rule of Procedure 19(a)(1)(A), Oro argues that its claim for quiet title against Skyworks cannot be dismissed because Skyworks is a necessary party.  (*See* ECF No. 147 at 4) (citing Fed. R. Civ. P. 19(a)(1)(A)).  Oro contends that Skyworks is necessary because it "created the cloud upon the title" by filing the Mechanic's Lien.  (*Id.* at 5).  Furthermore, Oro maintains that the fact Skyworks assigned its interest in the Mechanic's Lien to Borror "has no bearing on the need to litigate the underlying facts and allegations" that would resolve its quiet title claim.  (*Id.*).  Finally, Oro asserts that because it has

5

no remedy at law, dismissing the claim against Skyworks would leave it with no relief at all—including the equitable relief it seeks here. (*Id.*).

"In Ohio, the resolution of ownership rights in real property is governed by R.C. 5303.01." *Hess Ohio Devs., LLC v. Belmont Cnty. Bd. of Revision*, 2020-Ohio-4729, ¶ 44 (Ohio Ct. App. 2022). Such actions to quiet title are only available "when there is no adequate remedy at law." *WWSD, LLC v. Woods*, 2022-Ohio-952, ¶ 42, 188 N.E.3d 244, 261 (Ohio Ct. App. 2022) (explaining that such actions are equitable in nature). Ohio Revised Code 5303.01 provides, in relevant part, "[a]n action may be brought by a person in possession of real property … ***against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest***…." R.C. 5303.01 (emphasis added). Thus, "[t]he purpose of any quiet-title action is to conclusively determine the allocation of property interests." *Ochsenbine v. Cadiz*, 2005-Ohio-6781, ¶ 13, 166 Ohio App. 3d 719, 723, 853 N.E.2d 314, 317 (citing *Lincoln Health Care, Inc. v. Keck*, 11th Dist. No. 2002–L–006, 2003-Ohio-4864, 2003 WL 22118380, ¶ 23).

"[A]n assignment is a transfer of property or of some right or interest from one person to another, which causes to vest in another his or her right of property or interest in property." *Leber v. Buckeye Union Ins. Co.*, 125 Ohio App. 3d 321, 332, 708 N.E.2d 726, 733 (1997), cause dismissed, 84 Ohio St. 3d 1423, 702 N.E.2d 433 (1998) (citing *Aetna Cas. & Sur. Co. v. Hensgen* (1970), 22 Ohio St.2d 83, 51 O.O.2d 106, 258 N.E.2d 237, paragraph three of the syllabus). Additionally, "[a]n unqualified assignment transfers to the assignee all the interest of the assignor in and to the thing assigned." *Id.* (citing *Pancoast v. Ruffin* (1824), 1 Ohio 381, 1824 WL 23).

Here, Oro brings an action to quiet title. In all cases, the purpose of such actions is to determine the allocation of property interests in the subject property. It follows then that a prerequisite of such actions is that the adverse party must claim an adverse interest in the property.

6

*See* R.C. 5303.01. Oro does not allege, however, that Skyworks claims ***any*** interest in the subject property.

The Sixth District Court of Appeals of Ohio resolved a case with similar factual circumstances in *ASE Invs., LLC v. Smith*, 2020-Ohio-3822, ¶ 1 (Ohio Ct. App. 2020). There, the Court held that plaintiffs could not state a prima facie claim to quiet title where they failed to assert the defendant had a "present, adverse claim to the property contemplated by R.C. 5303.01."[4] *ASE Invs., LLC*, 2020-Ohio-3822, ¶ 20. Plaintiffs argued that the defendant wrongly executed and recorded a mortgage against the subject property and then assigned his purported rights to a third-party. *Id.* The facts as pled demonstrated that plaintiffs were "not claiming that [defendant] holds any present interest in the subject property, but instead argue that [defendant] improperly granted the interest to himself, and then transferred the interest to" a third-party." *Id.; see also ASE Investments, LLC v. Smith, Jr.*, No. CI 201802729, 2019 WL 11000292, at *5 (Ohio Com.Pl. July 25, 2019) ("[A]ny interest adverse to ASE that could be claimed under the Mortgage has been held by [the third party] … since 2009."). Thus, the Court found, "the facts alleged negate the claim." 2020-Ohio-3822, ¶ 20.

Similarly, here, though Oro challenges the validity of Skyworks' initial Mechanic's Lien— the purported adverse interest—it does not contest that those rights have since been transferred to a third-party. Much like the plaintiffs in *ASE,* Oro is not "claiming that [Skyworks] holds any present interest in the subject property." *ASE Invs., LLC v. Smith*, 2020-Ohio-3822, ¶ 21. And as such, Oro "fail[s] to allege facts in support of a quiet title action against [Skyworks], [which no

---

[4] Courts in Ohio assess the propriety of amending a complaint by analyzing whether the requested amendment is timely, prejudicial, or whether the party is able to state a prima facie case. Because the Court held that the plaintiffs in *ASE Invs., LLC v. Smith* could not state a prima facie claim, it rested its holding solely on this factor and did not address whether the amendment was timely or prejudicial. *ASE Invs., LLC v. Smith*, 2020-Ohio-3822, ¶ 22.

longer has any interest in the subject property." *Id.* In light of the Court's holding that Oro has failed to state a quite title claim as to Skyworks, it now addresses whether Oro's asserted Rule 19(a) defense alters this result.

### b. *Necessary Party under 19(a)*

Oro argues that it cannot be afforded complete relief if Skyworks is not maintained as a party to this quiet title action. (ECF No. 147 at 5). Oro contends that because Skyworks filed the Mechanic's Lien, allegedly provided the labor and/or material that supports the Lien, and that Lien is what purportedly clouds its title, Skyworks is required to be a party to this action. (*Id.*). Notably, no party advances any additional basis to keep Skyworks in this litigation with regard to this claim.

A party is considered necessary under Rule 19(a) if "(1) complete relief cannot be given to existing parties in [its] absence; (2) disposition in [its] absence may impair [its] ability to protect [its] interest in the controversy; or (3) [its] absence would expose existing parties to substantial risk of double or inconsistent obligations." *NFC Acquisition, LLC v. Comerica Bank*, 640 F. Supp. 2d 964, 973 (N.D. Ohio 2009) (citing *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 546 (6th Cir. 1994) and Fed. R. Civ. P. 19(a)). To that end, "Rule 19(a)(1) focuses on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *GEICO Cas. Co. v. Panno*, No. 1:19-CV-933, 2020 WL 2124109, at *3 (S.D. Ohio May 5, 2020) (citing *Sales v. Marshall*, 873 F.2d 115, 121 (6th Cir. 1989)).

Oro cites two cases for the proposition that a court may properly consider the necessity of a party under Rule 19(a) when a defendant moves to dismiss under 12(b)(6). As the following discussion demonstrates, this general proposition does little to advance Oro's attempt to use Rule 19(a) as a bar to dismissal under 12(b)(6). The first case—*Brown v. United States Gov't*— explicitly states "that the parties do not parse out the jurisdictional status or merits of Plaintiff's" claim. No. 17-CV-2279-JPM-DKV, 2017 WL 11392642, at *5 (W.D. Tenn. July 7, 2017). In

8

other words, the *Brown* Court warns at the outset of its analysis that the lack of precision reflected in the parties' briefing may unnecessarily require it to address otherwise unrelated issues together. *See id.* But even assuming this feature of the briefing did not affect the Court's analysis, the case does not support the notion that Rule 19(a) is a proper defense to a rule 12(b)(6) motion to dismiss. Instead, the *Brown* Court considers whether the Defendant was a necessary party in the context of examining subject matter jurisdiction, *i.e.*, pursuant to the defendant's motion to dismiss under 12(b)(1). *See id.* at *6–7. Thus, to the extent the necessary party determination occurred alongside the resolution of the 12(b)(6) motion, it appears just as or more likely to be a function of the defendant bringing its 12(b)(1) and 12(b)(6) motions simultaneously rather than any meaningful relationship between 12(b)(6) and Rule 19(a). *See id.* The relative weakness of the proposition is further exacerbated by the fact that *Brown* is an unpublished district court decision.

The second case—*Panny v. Pennymac Loan Servs., LLC*—does a better job of explaining the potential role of Rule 19(a) in the context of a 12(b)(6) motion to dismiss. No. 14-13866, 2016 WL 1090438, at *3 (E.D. Mich. Mar. 21, 2016). Oro claims that the application of Rule 19(a) resulted in the denial of the defendant's 12(b)(6) motion. (ECF No. 147 at 4–5). While that claim is likely true, in part, Oro omits important details that when considered weaken its argument. For example, Pennymac's 12(b)(6) Motion to Dismiss was Granted in Part and Denied in Part. *Panny*, 2016 WL 1090438, at *1. Concerning the claims the Court declined to dismiss, Pennymac "[did] not address these Counts in its Motion." *Id.* Instead, Pennymac argued that these claims must have been "directed solely" at another defendant. *Id.* In other words, Pennymac did little to support its motion to dismiss for this claim and perhaps more importantly here, did not "substantively respond to this argument in [its] reply." *Id.* at *3. Furthermore, *Pennymac* too is an unpublished district court case with relatively little persuasive value for the proposition offered.

But even assuming that Rule 19(a) can serve as a defense to a 12(b)(6) motion to dismiss, the very same cases cited to support this proposition have readily distinguishable facts. Consider *Brown v. United States Gov't.*, No. 17-CV-2279-JPM-DKV, 2017 WL 11392642, at *1 (W.D. Tenn. July 7, 2017)**.**  In *Brown*, the plaintiff was the surviving spouse of an active member of the United States Navy that passed away.[5]  She requested a determination about "which of the parties is the correct beneficiary of the policies of insurance relating to [a] military benefit … related to Decedent." *Id.*  That is, the so-called necessary party claimed an interest in the same benefits that the plaintiff sought an order clarifying.

Here, however, that is not the case.  Skyworks does not claim an interest to the subject property at issue and indeed, it is undisputed that these rights were assigned to a distinct, existing party. Consequently, *Brown* undermines Oro's argument.

Second, Oro argues that *Panny v. Pennymac Loan Servs., LLC*, also bolsters its necessary party analysis.  2016 WL 1090438, at * 1.  Upon closer review, however, Oro's reliance here is also misplaced.  In *Panny*, the plaintiff sought "to set aside and/or redeem the proceeds from [a] Sherriff's Sale." *Id.* at *3. Pennymac, the so-called necessary party, was the "assignee mortgagee of the Sherriff's Deed at issue in these claims." *Id.*  Pennymac, in this role, "initiated foreclosure proceedings on the defaulted property" that ultimately resulted in the Sheriff sale to a third-party. *Id.* at *1.  Pennymac, then, had an interest in both the sale to recover the debt owed as secured by the mortgage as well as the proceeds flowing from the sale of the subject property.  *See id.* at 3. Because those issues were exactly what the plaintiff challenged in that action, it is clear that

---

[5] The Court nonetheless dismissed all claims against all defendants.  That is, despite finding that at least one defendant was a necessary party in that case, this finding did not stop the Court from ultimately dismissing all claims in their entirety.  *See Brown v. United States Gov't.*, No. 17-CV-2279-JPM-DKV, 2017 WL 11392642, at *7 (W.D. Tenn. July 7, 2017) ("All of Plaintiff's claims against all Defendants are DISMISSED.").

Pennymac's **claimed interests** were at the heart of the Court's ability to accord complete relief among the existing parties. Thus, the Court found Pennymac was a necessary party. *Id.*

And though it is true that the lien that forms the adverse interest was initiated and filed by Skyworks, it is also true that the lien has since been assigned. Preceding this action, as asserted by Oro in its Complaint, Skyworks assigned its lien to Borror Construction on October 22, 2019, and filed the same with the Franklin County Recorder's Office on November 20, 2019. (Compl., ECF No. 1 ¶ 164); (ECF No. 142–1 at 2).

Moreover, the essential inquiry of the quiet title action—determining the allocation of interests in the subject property—can be fully and fairly resolved irrespective of Skyworks' status as a party to this action. That is because this quiet title action concerns the validity of **Borror's** Mechanic's Lien. If the quiet title claim is resolved through adjudication, there are only a few potential outcomes: the lien is valid or it is invalid. If valid, Oro loses its quiet title claim, and the lien would continue to encumber the subject property. *See McClure v. Fischer Attached Homes*, 2007-Ohio-7259, ¶ 13, 145 Ohio Misc. 2d 38, 46, 882 N.E.2d 61, 68 ("If … the lien is determined by the court to be valid, it becomes an encumbrance on title rather than a cloud on title, and the court cannot remove it."). If invalid, this may result in a subsequent action with Borror suing Skyworks under their agreement concerning the assignment of the lien. *See e.g., Gutierrez v. Selection Mgmt. Sys., Inc.*, No. 1:20-CV-354, 2022 WL 2208761, at *1 (S.D. Ohio June 21, 2022) (action where assignor and assignee litigate an alleged breach of the assignment contract); *Bennett v. Am. Elec. Power Serv. Corp.*, No. 01AP-39, 2001 WL 1136150, at *5 (Ohio Ct. App. Sept. 27, 2001) (same); *see also Weinberg v. Weinberg*, 2018-Ohio-2862, ¶ 18, 117 N.E.3d 907, 913 (Because "[a]ssignments themselves were contracts," the court used principles of contract law to interpret them) (internal quotations omitted). As observed earlier, however, "Rule 19(a)(1) focuses

on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Panno*, 2020 WL 2124109, at *3 (citing *Sales*, 873 F.2d at 121).

In all cases, Oro's rights and remedies are simply unaffected by Skyworks' absence. Short of an assertion that Skyworks has any interest in the case sub judice—a claim that would run counter to the allegations in Oro's complaint—Skyworks is not a necessary party. Accordingly, Skyworks' Motion to Dismiss for failure to state a quiet title claim is **GRANTED.**

### 2. Slander of Title

Skyworks argues that because it filed its Mechanic's Lien over a year before a cause of action was asserted against them in this case, Oro's slander of title claim is barred by the statute of limitations. (ECF No. 142 at 5). As such, Skyworks contends this claim should be dismissed. (*Id.* at 6).

Oro disputes neither when Skyworks filed its Lien nor when it initially filed its Complaint. (ECF No. 147 at 6). Instead, Oro argues that the Relation-Back doctrine overcomes the usual operation of the statute of limitations here. (*Id.* at 6–7). Thus, Oro avers that the statute of limitations rule does not bar its slander of title claim. (*Id.* at 7).

Generally, "slander-of-title cases involve documents filed against a particular piece of property by parties who claim an interest in the property." *Waker v. Lawson*, 2021-Ohio-1218, ¶ 25, 170 N.E.3d 1264, 1272 (2d Dist. 2021) (quoting *Green v. Lemarr*, 139 Ohio App.3d 414, 431, 744 N.E.2d 212 (2d Dist. 2000)). "To prevail, a claimant must prove '(1) there was a publication of a slanderous statement disparaging claimant's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages.'" *Id.* (quoting *Green*, 744 N.E.2d 212).

In Ohio, "a claim for slander of title must be brought within one year from the date of publication." *Smith v. Liberty Mortg. Co., Inc.*, No. 2:19-CV-3547, 2020 WL 2494459, at *4 (S.D.

Ohio May 13, 2020) (citing Ohio Rev. Code § 2305.11(A); and *Metzler v. Fifth Third Bank,* 10th Dist. Franklin No. 16AP-638, 2017-Ohio-7088, ¶ 14). Thus, this "cause of action … accrues at the time the public notice was filed." *Id.* (citing *Metzler,* 2017-Ohio-7088, ¶ 14.); *see also Wendover Rd. Prop. Owners Ass'n v. Kornicks*, 28 Ohio App. 3d 101, 103, 502 N.E.2d 226, 229 (Ohio Ct. App. 1985) (citing Ohio Rev. Code § 2305.11(A)).

Rule 15(c) governs the Relation Back doctrine in the federal system. That rule provides:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>> (A) the law that provides the applicable statute of limitations allows relation back;
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

The Sixth Circuit has observed that "the precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (quoting *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) and *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)). *See also Smart v. Ellis Trucking Co., Inc.*, 580 F.2d 215, 218 (6th Cir. 1978). Thus, where "[t]he effect of Plaintiff's amendment is to add another party[,] [t]his establishes a new and independent cause of

action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court." *U.S. for Use & Benefit of Statham Instruments, Inc. v. W. Cas. & Sur. Co.*, 359 F.2d 521, 523 (6th Cir. 1966).

And though "[t]his reading of Rule 15(c) has been criticized by some courts as overly technical, or even inconsistent with the plain language of the Rule itself," it is nevertheless the law of this Circuit. *Puskas v. Delaware Cnty., Ohio*, No. 2:19-CV-2385, 2021 WL 1575285, at *3 (S.D. Ohio Apr. 22, 2021) (citing *In re Greater Southeast Community Hospital Corp. I*, 341 B.R. 91, 99 n. 7 (Bankr. D.D.C. 2006)). In effect, "a Rule 15(c) 'change' in parties requires a one-for-one substitution, and that the addition of new parties alongside those that are already part of the action precludes relation back to the original complaint." *Id.* (citing *DeBois v. Pickoff*, No. 3:09CV230, 2011 WL 1233665, at *9 (S.D. Ohio Mar. 28, 2011)).

Here, Oro attempts to add Skyworks as a defendant absent the required one-for-one substitution. That is, despite naming unknown John Doe corporations and defendants generally, Oro did not state its slander of title claim against anyone other than Borror in its initial Complaint. (*See* ECF No. 1 ¶¶ 187–91). Indeed, Oro identifies Borror by name in its sole slander of title claim (Count 10) as well as the dollar amount of the underlying Lien for $790,847.00. (*Id.*). Additionally, the subject property being allegedly slandered is Oro's Runaway Bay Property. (*Id.*).

Upon review of its First Consolidated Complaint naming Skyworks, Plaintiff is clearly not substituting, but adding Skyworks and an additional slander of title claim concerning the Runaway Bay property. (*See* ECF No. 134 ¶¶ 168–72). This is evident because in addition to adding a separate Count (*i.e.*, Count Five: Slander of Title – Skyworks and Borror Construction), the slander of title claim against Borror on the Runaway property for a separate Lien for $790,847.00 is replicated in the First Consolidated Complaint as Count Seven. (*See id.* at ¶¶ 178–82).

14

Accordingly, because Oro's complaint does not comply with this Circuit's law concerning relation back, its slander of title claim against Skyworks is dismissed for failing to bring the claim within the relevant statute of limitations.   Skyworks' Motion to Dismiss on this basis is **GRANTED**.

### B.  Oro RB SPE Owner, LLC's Motion to Dismiss

Oro RB moves to dismiss Holmes' unjust enrichment claim on a single basis: Holmes failed to allege that the general contractor was unavailable for judgment and unable to pursue the owner for payment that the subcontract seeks.  (ECF No. 149 at 4).  Oro RB argues that because Holmes did not assert these allegations in its Complaint, it is unable to maintain this claim against Oro RB.  (*Id.*).  Consequently, Oro contends this claim should be dismissed.  (*Id.*).

Holmes rejoins stating that Borror is practically unavailable and the concerns underpinning this application of the doctrine are not present; as such, Oro RB's Motion should be denied.  (ECF No. 151 at 1–2).  Holmes contends that the narrow question implicated in its argument has not been considered by Ohio courts: namely, whether a general contractor is unavailable when the obligation to pay its subcontractor has not attached.  (*See id.* at 4).  Consequently, it relies on *Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC*, 540 S.W.3d 770 (Ky. 2017), a Kentucky Supreme Court case, contending that case answers the question presented in the affirmative.  (*See id.* at 4–6).  Holmes recognizes that this decision is not binding on this Court, but urges that its reasoning be employed to resolve this dispute.  (*Id.* at 6).  Finally, Holmes maintains that to the extent the Court finds it was necessary to allege unavailability in its Complaint, it should be given leave to amend.  (*Id.*).

Under Ohio law, an unjust enrichment claim requires the plaintiff to prove the following elements: (1) the plaintiff has conferred a benefit upon the defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances that make

it unjust to do so without payment. 18 Ohio Jur. 3d Contracts § 279; *see also Patel v. Krushna SS L.L.C.*, 2018-Ohio-263, 106 N.E.3d 169, ¶ 25 (Ohio Ct. App. 2018); *Barrow v. Village of New Miami*, No. CA2017-03-031, 2018 WL 500170, at *3 (Ohio Ct. App. 2018), appeal not allowed, 152 Ohio St. 3d 1489, 2018-Ohio-2154, 99 N.E.3d 425 (2018); *Pipino v. Norman*, 2017-Ohio-9048, 101 N.E.3d 597, ¶ 41 (Ohio Ct. App. 2017). The purpose of unjust enrichment is "to compensate the plaintiff for the benefit he has conferred upon another, not to compensate him for a loss suffered." *Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 799 (6th Cir. 2009) (quoting *Jones v. Jones*, 2008-Ohio-6069, 179 Ohio App. 3d 618, 903 N.E.2d 329, ¶ 27 (Ohio Ct. App. 2008)). Because unjust enrichment is a quasi-contractual remedy, "a plaintiff cannot recover for unjust enrichment when an express contract governs the subject matter of the litigation." *McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 469, 487 (6th Cir. 2014) (citing *Wuliger*, 567 F.3d at 799).

In the construction context, Ohio courts sometimes allow unjust enrichment claims based on a similar "transactional nexus." It is not uncommon for a subcontractor to bring an unjust enrichment claim against a property owner when the general contractor fails to pay the subcontractor. *See Booher Carpet Sales, Inc. v. Erickson*, No. 98-CV-0007, 1998 WL 677159, at *6 (Ohio Ct. App. Oct. 2, 1998). Such claims "developed as a means for overcoming the lack of privity between most property owners and the subcontractors who provide materials and services for property improvements." *Id.* (citing 62 A.L.R.3d 288, § 1[c] (1975)). This is because:

> Generally, a property owner contracts with a general or primary contractor and the latter contracts with the subcontractor. The subcontractor then looks to the general contractor for payment. When some event occurs in which the general contractor cannot or will not pay, a lack of contractual privity between the subcontractor and the property owner usually will prevent the former from suing the latter for breach of contract.

*Booher*, 1998 WL 677159, at *6 (citing *Pendleton v. Sard*, 297 A.3d 885, 889 (Me. 1972)). Because subcontractors are generally unable to recover from the owner on a contract claim, Ohio courts have recognized that they must allow subcontractors to bring quasi-contract claims against property owners in some situations to prevent an inequitable outcome. *Booher*, 1998 WL 677159, at *6. Thus, when a general contractor fails to pay and "the owner has not yet paid the contractor for the aspect of the job at issue," the subcontractor may seek payment from the owner under a theory of unjust enrichment. *Res. Title Agency, Inc. v. Morreale Real Estate Servs., Inc.*, 314 F. Supp. 2d 763, 772–73 (N.D. Ohio 2004) (citing *Reisenfeld & Co. v. Network Grp., Inc.*, 277 F.3d 856, 861 (6th Cir. 2002)); *see also Brower Prods. Inc. v. Musilli*, Nos. 98 CA 58, 1999 WL 317122, at *2 (Ohio Ct. App. May 21, 1999) ("Ohio law allows a sub-contractor or materialman to pursue unjust enrichment as a theory of liability" against the property owner); *Ross–Co Redi Mix Co. v. Steveco, Inc.*, No. 95CA3, 1996 WL 54174, at *3 (Ohio Ct. App. Feb. 6, 1996). In other words, "when justice requires it, courts will recognize a quasi-contract formed between the parties based on unjust enrichment." *Booher*, 1998 WL 677159, at *6.

In order for a subcontractor to pursue an unjust enrichment claim against a property owner, however, the general contractor must be both unavailable for judgment and unable to pursue the owner for the payment the subcontractor seeks. *Id.*; *see also Coyne v. Hodge Constr. Inc.*, No. 03CA0061-M, 2004 WL 298688, at *2 (Ohio Ct. App. Feb. 18, 2004). This is because the unjust enrichment claim "will not lie when the possibility exists that either the subcontractor could make a double recovery or the [property owner] could pay twice for the same performance." *Booher*, 1998 WL 677159, at *6 (citing *Pendleton*, 297 A.2d at 895; *Turn-A-Lum Lumber v. Patrick*, 85 Or. App. 719, 721, 770 P.2d 964, 965 (1989) (holding that a subcontractor must exhaust remedies

17

against the general contractor before pursuing an unjust enrichment claim against the property owner)).

Here, Holmes openly concedes that it failed to assert that the general contractor (Borror) was unavailable for judgment in its Complaint. (*See* ECF No. 151 at 2). And Holmes' argument that the animating principle of this pleading requirement is to protect against double recovery and that such concerns are mitigated here (since the general contractor and property owner are both parties to this case), does not overcome this requirement. For one, the same mitigating feature was present when this Court Granted Holmes' motion to dismiss Oro RB's unjust enrichment claim for similarly failing to allege that Borror was unavailable for judgment. *See Carter-Jones Lumber Co. v. Oro RB SPE Owner, LLC*, No. 2:19-CV-5087, 2021 WL 2592531, at *7 (S.D. Ohio June 24, 2021). Accordingly, many factors militate against this Court resolving the same issue for one party one way and for the adverse litigant another—including the law-of-the-case doctrine and unjust enrichment being "a claim arising in equity." *See Frechette v. Health Recovery Servs., Inc.*, No. 2:19-CV-4453, 2022 WL 974383, at *3 (S.D. Ohio Mar. 31, 2022) (Marbley, J.) (citing *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) ("The doctrine ensures that 'the same issue presented a second time in the same case in the same court should lead to the same result.'"). *Meridien Mktg. Grp., Inc. v. J & E Bldg. Grp., Inc.*, 2011-Ohio-4872, ¶ 34 (observing that unjust enrichment is an equitable claim).

Because it is undisputed that Holmes failed to allege an element of its unjust enrichment claim, Oro RB's Motion to Dismiss is **GRANTED**. The Court will now address Holmes' request for leave to amend its Complaint.

## C. Leave to Amend

Holmes argues that it should be granted leave to amend its Complaint so that it may allege that Borror is unavailable for judgment. (ECF No. 151 at 6). Relying on *Newberry v. Silverman*,

Holmes maintains that dismissal without leave to amend is not warranted unless "the complaint could not be saved by amendment." (*Id.*) (quoting 789 F.3d 636, 646 (6th Cir. 2015)). To that end, Holmes reasons that Borror is unavailable for judgment based on the pay-if-paid term in the subcontract between the two. (*Id.*). Essentially, because Borror's obligation to pay Holmes has not arisen—Borror is only obligated to pay Holmes in the event Oro RB pays Borrror—the operation of the pay-if-paid term renders Borror unavailable for judgment. (*Id.*). As such, Holmes contends it should be granted leave to amend to assert this theory. (*Id.*).

Oro RB responds by arguing that granting leave to amend would be futile. It maintains that there is no set of facts that Holmes can plead to establish Borror's unavailability or that Borror is unable to pursue payment from Oro RB. (ECF No. 154 at 4). Oro RB avers that because Holmes does not even argue that Borror is unable to pursue payment from Oro RB, its amended complaint would fail to state a claim. (*Id.*). Accordingly, Oro RB argues there is no need to amend a complaint that will ultimately be dismissed.

Federal Rule of Civil Procedure 15(a)(2) directs district courts to "freely give leave [to amend pleadings] when justice so requires." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). And "[a]lthough [the Sixth Circuit] reviews denials of leave to amend only for abuse of discretion, it should be emphasized that the case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'" *Id.* (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)); *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)).

"[A]t this stage, the Court's role is to evaluate only 'whether the futility of an amendment is so obvious that it should be disallowed.'" *Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 461 (S.D. Ohio 2021) (quoting *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at

*3 (S.D. Ohio Apr. 28, 2015)).  In fact, unless an amendment is plainly futile, arguments going towards the sufficiency of the claim "are better addressed in the context of a motion to dismiss the amended complaint."  *Stuckey v. Online Res. Corp.*, No. 2:08-CV-1188, 2010 WL 11565402, at *2 (S.D. Ohio Nov. 1, 2010) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1487 (2010)) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper.").  Finally, "[t]he party (or parties) opposing the motion to amend a pleading bears the burden of establishing that the proposed amendment would be futile."  *Runser v. City of Dayton*, No. 3:21-CV-160, 2021 WL 5630735, at *2 (S.D. Ohio Dec. 1, 2021) (citing *White v. Emergency Med. Billing & Coding Co.*, No. 11-14207, 2013 WL 4551919, at *4 (E.D. Mich. Aug. 28, 2013) (collecting supporting authority)).

Ohio's law on unjust enrichment pushes against Oro RB's theory of futility.  For example, consider unavailability.  As a threshold matter, Ohio courts have not explicitly defined this term. Instead, Ohio courts have recognized the rule in the context of specific examples of unavailability on an ad hoc basis as those cases have arisen.  Bankruptcy, for instance, has been recognized as rendering a party unavailable for judgment and not precluding a claim for unjust enrichment.  *See Booher Carpet Sales, Inc. v. Erickson*, No. 98-CA-0007, 1998 WL 677159, at *7 (Ohio Ct. App. Oct. 2, 1998); *Graves Lumber Co. v. Croft*, 2014-Ohio-4324, ¶ 61, 20 N.E.3d 412, 427 (Ohio Ct. App. 2014).  Additionally, insolvency has been recognized as sufficient irrespective of whether the party has sought the protection of bankruptcy.  *Meridien Mktg. Grp., Inc. v. J & E Bldg. Grp., Inc.*, 2011-Ohio-4872, ¶¶ 24–25 (Ohio Ct. App. 2011) (finding that the insolvent party was unavailable for judgment).  Importantly, neither party argues that the separate question Holmes' puts forth has ever been considered: whether pay-if-paid terms in contracts can form the basis of unavailability in an unjust enrichment claim.  Moreover, Oro RB does not persuasively argue that

20

this view of the law—recognizing unavailability flowing from the operation of a pay-if-paid term—is foreclosed by existing decisions. (*See* ECF No. 154 at 2–3) (observing that Holmes does not cite Ohio case law to support its pay-if-paid argument while simultaneously not offering any authority when challenging Holmes' proposition).

Second, consider the subcontractor's obligation to assert the general contractor's inability to obtain payment from the property owner. Though Oro RB argues that Holmes cannot make this claim and leave to amend would be futile, this argument is also unavailing. Oro RB contends that because Borror has asserted a claim of breach of contract against it in this suit, Holmes cannot assert that Borror is unable to pursue payment. (ECF No. 154 at 3–4). And while that contention appears to be a reasonable reading of the subcontractor's pleading requirement, Oro RB offers little in the way of authority to support its argument. (*See id.*). For example, rather than provide a single case holding that a general contractor actively suing a property owner conclusively demonstrates that a general contractor is able to pursue payment, Oro RB provides true but unhelpful quotes from Ohio cases. (*See id.*). Specifically, Oro offers the policy reason behind the doctrine's special application to subcontractor-property owner suits, *i.e.,* protection against double payment or double recovery. (*Id.* at 3). It then simply repeats that the subcontractor must be unable to pursue the general contractor for payment. (*Id.*).

The strength of Oro RB's arguments about Holmes' ability to plead strongly weighs against denying leave to amend based upon futility. Instead, the relative weakness of such arguments suggests that Holmes' should be permitted leave to amend and any deficiencies in pleading could be better addressed in a subsequent motion to dismiss. *See Emergency Med. Billing & Coding Co.*, 2013 WL 4551919, at *4 ("The Court does not now need to resolve the parties' undeveloped … dispute.). Moreover, this approach is consistent with this Circuit's liberal stance toward

amended pleading and guards against prematurely considering issues of unsettled state law when such consideration is not required. *See Int'l Chem. Workers Union Council of United Food & Com. Workers, Loc. 561C v. INEOS ABS (USA) Corp.*, No. 1:09-CV-00590, 2010 WL 11639894, at *3 (S.D. Ohio Jan. 20, 2010) ("The Court notes that it does not issue advisory opinions but, instead, decides issues brought before it. Defendant can certainly argue against Plaintiff's amended complaint by motion after it has been filed.").

Furthermore, it is important to note that the position argued by either side concerning Holmes' ability to amend weighs heavily toward a dismissal without prejudice.  If Holmes' position is adopted, its unjust enrichment claim should be dismissed without prejudice so that it may cure deficiencies in its complaint.  (*See* ECF No. 151 at 6).  If Oro Rb's position is adopted— that Borror is not unavailable because Borror's obligation to pay Holmes has not yet attached and Borror's claim pursuing payment from Oro RB has not been ruled on—it is essentially arguing that Holmes' claim is not yet ripe.[6]  Claims that are not yet ripe for adjudication should be "dismissed without prejudice, thereby allowing the plaintiff to reassert [that] claim, should it become ripe in the future." *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005) (citing *Alltel Tennessee, Inc. v. Tennessee Pub. Serv. Comm'n*, 913 F.2d 305, 307 (6th Cir. 1990); *see also State of Tenn. v. Herrington*, 626 F. Supp. 1345, 1351 n.30 (M.D. Tenn. 1986) (citing *Brown v. Ferro Corp.*, 763 F.2d 798 (6th Cir.), *cert. denied* 474 U.S. 947, 106 S.Ct. 344, 88 L.Ed.2d 291 (1985)).

All told, the current state of Ohio law suggests that Holmes' may be able to marshal facts that would extend Ohio's law of unjust enrichment to circumstances not previously considered.

---

[6] Oro RB considers two outcomes: (1) Borror prevails on its contract claim against Oro RB and Holmes can pursue Borror directly for payment under the subcontract, (*See* ECF No. 154 at 2); or (2) Borror loses its contract claim and is unavailable for judgment as a matter of law, (*Id.*).  In either case, Oro RB avers that Holmes' unjust enrichment claim is not ready for review, if ever.

Further, the nature of the claim suggests that there is a real possibility in the near term that Borror will be unable to collect that money as a matter of law, which may render Borror unavailable for judgment and unable to pursue the money.  Setting aside concerns about non-mutual defensive issue preclusion, there may come a time when Holmes can pursue this claim against Oro RB.  As it stands today, however, that simply has not come to pass.

Accordingly, Holmes' claim of unjust enrichment is **DISMISSED WITHOUT PREFUDICE** and its Motion Seeking Leave to Amend is **GRANTED**.

### IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Skyworks' Motion to Dismiss (ECF No. 142) and **GRANTS** Oro RB's Motion to Dismiss (ECF No. 149), **DISMISSING** Holmes' Unjust Enrichment claim **WITHOUT PREJUDICE** and **GRANTING** Holmes Leave to Amend.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 1, 2022**

23